LaMonica Herbst Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
516.826.6500
Gary F. Herbst, Esq.
Jacqulyn S. Giunta, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
AT BOWLING GREEN
-----------------------------------------------------------------x
In re:                                                    Chapter 7

                                                          Case No: 09-14014-ALG
PROBULK INC., *et al* .                                   (Jointly Administered)


            Debtors.
-----------------------------------------------------------------x

**NOTICE OF CHAPTER 7 TRUSTEE'S APPLICATION PURSUANT TO 11 U.S.C. § 105
FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO RETAIN CERTAIN
MANAGEMENT PERSONNEL AND PAY RETENTION/PERFORMANCE BONUSES
IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE** that on **December 17, 2009 at 10:00 a.m.** a hearing will be held before the Honorable Allan L. Gropper, United States Bankruptcy Judge for the Southern District of New York, at the United States Bankruptcy Court, One Bowling Green, Courtroom 617, New York, New York 10004 upon the application (the "Application") of Salvatore LaMonica, Esq., the Chapter 7 Trustee (the "Trustee") of the jointly administered cases of Probulk, Inc. et al. (the "Debtors") by his counsel, LaMonica Herbst & Maniscalco, LLP, for entry of an Order, pursuant to 11 U.S.C. § 105, authorizing the Trustee to pay the following executives of Eastwind Maritime, Inc., Richard Lemanski, the Chief Executive Officer and Fred Gordon, Senior Vice President and Chief Administrative Officer, retention/performance bonuses of $50,000.00 each in connection with the Trustee's wind down of the Debtors' operations.

**PLEASE TAKE FURTHER NOTICE**, that objections ("Objections") to the relief requested in the Motion, if any, must be in writing, conform with the Title 11 of the United States Code and Rules, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Allan L. Gropper, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Gary F. Herbst, Esq., **no later than December 14, 2009 at 9:00 a.m.**, as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 473), which may be accessed through the internet at the Bankruptcy Court's website at www.nysb.uscourts.gov; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned from time to time as set forth in open Court.

Dated: November 24, 2009
      Wantagh, New York    **LAMONICA HERBST & MANISCALCO, LLP**
                                       Counsel to the Chapter 7 Trustee

                    By:    *s/ Gary F. Herbst*
                           Gary F. Herbst, Esq.
                           3305 Jerusalem Avenue
                           Wantagh, New York 11793
                           Telephone 516.826.6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
AT BOWLING GREEN
-------------------------------------------------------------------x
In re:                                              Chapter 7

                                                    Case No: 09-14014-ALG
PROBULK INC., *et al* .                             (Jointly Administered)

            Debtors.
-------------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S APPLICATION PURSUANT TO 11 U.S.C. § 105 FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO RETAIN CERTAIN MANAGEMENT PERSONNEL AND PAY RETENTION/PERFORMANCE BONUSES IN CONNECTION THEREWITH**

To:   Honorable Allan L. Gropper
      United States Bankruptcy Judge

Salvatore LaMonica, Esq., the Chapter 7 Trustee (the "Trustee") of the estates of Probulk Inc., *et al*., by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this application (the "Application"), on behalf of the estates of Probulk, Inc. et al. (the "Debtors") in support of his request for an Order, pursuant to 11 U.S.C. § 105 (the "Bankruptcy Code"), authorizing the Trustee to pay the following executives of Eastwind Maritime, Inc.: Richard Lemanski ("Lemanski"), the Chief Executive Officer and Fred Gordon ("Gordon"), Senior Vice President and Chief Administrative Officer (collectively the "Executives") retention/performance bonuses of $50,000.00 each in connection with the Trustee's wind down of the Debtors' operations and respectfully sets forth and represents as follows:

## Background

1.      On June 23, 2009, the first fifty seven Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "Court").

2.      By Order of the Court dated June 24, 2009, the Court ordered the joint administration and procedural consolidation of the Debtors' cases.

3.      On June 25, 2009, the remaining sixteen Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code in the Court.

4.      By Notice of Appointment, Salvatore LaMonica, Esq. was also appointed as interim Chapter 7 Trustee and by operation of law is the permanent Trustee of these estates.

5.      By Order of the Court dated June 26, 2009, the Court ordered the joint administration and procedural consolidation of all 73 of the Debtors' estates.

6.      Pre-petition, the Debtors were part of a multinational corporate enterprise that was engaged in the business of ocean transportation. The Debtors owned and/or operated a fleet of over 70 vessels consisting of reefers, dry bulk ships, tankers, containers and freezer vessels flagged in jurisdictions around the world.

7.      By Order of the Court dated June 25, 2009, the Trustee was authorized, under 11 U.S.C. §721 (the "Bankruptcy Code"), to operate the Debtors' businesses for a thirty (30) day period, subject to further extensions, and to pay the necessary expenses of the Debtors' businesses so as to avoid immediate and irreparable harm to the Debtors' estates. The Court extended the Trustee's authority to operate the Debtors' businesses pursuant to Bankruptcy Code §721 until September 4, 2009. The Court again extended the Trustee's authority to operate the Debtors' businesses pursuant to Bankruptcy Code §721 until October 19, 2009. The Court

extended the Trustee's authority to operate the Debtors' businesses pursuant to Bankruptcy Code §721 until December 31, 2009.

## THE APPLICATION

8. The Trustee has been liquidating all of the Debtors' assets, which consist and consisted mainly of vessels, charter agreements and equipment belonging to and part of such vessels. Throughout these cases, Lemanski and Gordon have provided and continue to provide the Trustee with essential and critical assistance that has greatly aided the Trustee in the administration of these many estates. Lemanski, as the CFO of the Debtors, was able to provide important and necessary financial information on the issues relevant to the Trustee's many negotiations. Gordon provided essential operations information equally critical for the Trustee to make determinations as to the Debtors' vessels and the crews.

9. Lemanski and Gordon provided great assistance to the Trustee in liquidation of millions of dollars of the estates' assets, which included the sale of: the M/V Yucatan, the M/V Hakufu, AOR III, and the three MSC vessels. Lemanski and Gordon also assisted in the resolutions relating to Caylon Bank, the Bank of Scotland and Nordea.

10. The assistance and information provided and the communications made by Lemanski and Gordon to the affected and interested parties was invaluable. Moreover, Lemanski and Gordon are the only two full-time parties left in the Trustee's employ and their continued retention is necessary for the liquidation of the estates and to complete the wind down of the Debtors' operations.

11. The Trustee submits that his job would have been and will be made infinitely more difficult without their assistance. Lastly, the Executives continue to work with the Trustee in the wind down of Debtors' interests and affairs. The assistance of Lemanski and Gordon

going forward is also essential for the Trustee to maximize the value of the assets to the benefit of the creditors of these estates. In this connection, on a going forward basis the Trustee still will have to resolve or prosecute claims in the millions of dollars and also examine and help resolve the millions of dollars of claims that will be filed against the Debtors' estates.

BASIS FOR RELIEF

12. Bankruptcy Code § 503(c) states:

> **c)** Notwithstanding subsection (b), there shall neither be allowed, nor paid—
>
> **(1)** a transfer made to, or an obligation incurred for the benefit of, an insider of the debtor for the purpose of inducing such person to remain with the debtor's business, absent a finding by the court based on evidence in the record that--
>
> **(A)** the transfer or obligation is essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation;
>
> **(B)** the services provided by the person are essential to the survival of the business; and
>
> **(C)** either--
>
> **(i)** the amount of the transfer made to, or obligation incurred for the benefit of, the person is not greater than an amount equal to 10 times the amount of the mean transfer or obligation of a similar kind given to nonmanagement employees for any purpose during the calendar year in which the transfer is made or the obligation is incurred; or
>
> **(ii)** if no such similar transfers were made to, or obligations were incurred for the benefit of, such nonmanagement employees during such calendar year, the amount of the transfer or obligation is not greater than an amount equal to 25 percent of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred;
>
> . . .

> **(3)** other transfers or obligations that are outside the ordinary course of business and not justified by the facts and circumstances of the case, including transfers made to, or obligations incurred for the benefit of, officers, managers, or consultants hired after the date of the filing of the petition.

11 U.S.C. §503(c).

13. In General, bankruptcy courts have opined that "section 503(c) was not intended to foreclose a chapter 11 debtor from *reasonably* compensating employees, including "insiders," from their contribution to the debtors' reorganization. In re Dana Corp. 358 B.R. 567, 575 (Bankr. S.D.N.Y. 2006) (*citing to* In re Nobex Corp., 2006 WL 4063024 (Bankr. D. Del. Jan. 19, 2006)); *see* In re Werner Holding Co., Inc. Case No. 06-10578 (Bankr. D. Del. 2006). Further, the Bankruptcy Court for the Southern District of New York held ". . . section 5003(c)(3) gives the court discretion as to bonus and incentive plans, which are not primarily motivated by retention or in the nature of severance." In re Dana Corp 358 B.R. at 576; *see* In re Nobex Corp., 2006 WL 4063024 (Bankr. D. Del. Jan. 19, 2006) (court concluded that section 503(c)(3) was nothing more than a reiteration of the standard under 363 under which courts have previously authorized transfers outside the ordinary course of business based on the business judgment of the debtor).

14. The Trustee, with the assistance of the executives, was able to sell the majority of the Debtors' vessels and other remaining assets. The Trustee believes that without the assistance of such Executives many of the assets would have rapidly depreciated in value and quite possibly would have been abandoned. The Executives, however, remained part of the Debtors' operations, which ultimately allowed the Trustee to sell the Debtors' assets in a manner that maximized their value to creditors of the estates. Although the payment of the performance bonus is outside the ordinary course, the Trustee believes that the request meets the "sound

business judgment" test. Thus, the Trustee submits that, based on his business judgment, the payment of the retention/performance bonus of $50,000.00 each is warranted and reasonable.

15. Accordingly, the Trustee urges the Court to allow the Trustee to pay the Executives the requested bonus payment.

16. The Trustee has not filed a previous application for the relief sought herein to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the annexed Proposed Order.

Dated: Wantagh, New York
       November 24, 2009

**LAMONICA HERBST & MANISCALCO, LLP**
Attorneys for the Chapter 7 Trustee

By:   *s/ Gary F. Herbst*
      Gary F. Herbst
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      516.826.6500