LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Ph. 516.826.6500
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| | |
| Probulk, Inc.*et al.*, | Case No: 09-14014-alg |
| | (Jointly Administered) |
| Debtor. | |

-----------------------------------------------------------------x

| | |
|---|---|
| Salvatore LaMonica, Esq., As Trustee of<br>the Estate of Eastwind Maritime Inc., | |
| | Adv Pro No: |
| Plaintiff, | |
| | |
| - against - | |
| | |
| United Kingdom Freight Demurrage &<br>Defence Association Ltd., | **COMPLAINT** |
| | |
| Defendant. | |

----------------------------------------------------------x

Plaintiff, Salvatore LaMonica, Esq., as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of

the estate of Eastwind Maritime, Inc. (the "Debtor"), by his attorneys, LaMonica Herbst &

Maniscalco, LLP, as and for his complaint against Defendant United Kingdom Freight

Demurrage & Defence Association Ltd. (the "Defendant"), alleges as follows:

JURISDICTION AND VENUE

1.       This adversary proceeding is brought pursuant to 11 U.S.C. §§105, 541, 542, 547

& 550 (the "Bankruptcy Code"), and Rules 6009 and 7001 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") to recover property of the Debtor's estate, which has been

conveyed to the Defendant.

2.     The United States Bankruptcy Court for the Southern District of New York has jurisdiction over this action pursuant to 28 U.S.C. §§157 & 1334, and Bankruptcy Rules 6009 and 7001, as this action arises in and under the pending chapter 7 bankruptcy case of the Debtor.

3.     This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(E),(F), and (O).

4.     This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1409(a).

5.     Pursuant to Bankruptcy Rule 7008(a), this adversary proceeding relates to the chapter 7 case of Eastwind Maritime Inc., jointly administered under the estate of Probulk, Inc. *et al*., Case No. 09-14014, pending in the United States Bankruptcy Court, Southern District of New York (the "Court").

RECITALS

6.     On June 24, 2009 (the "Filing Date"), the Debtor, along with the other first 56 Debtors, filed voluntary petitions under Chapter 7 of the Bankruptcy Code in the Court.

7.     By Order of the Court dated June 24, 2009, the Court ordered the joint administration and procedural consolidation of the first 57 of the Debtors' cases.

8.     On June 25, 2009, the remaining sixteen Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code in the Court.

9.     By Order of the Court dated June 26, 2009, the Court ordered the joint administration and procedural consolidation of all 73 of the Debtors' estates.

10.    By Notice of Appointment, Salvatore LaMonica, Esq. was also appointed as interim Chapter 7 Trustee, and by operation of law, is the permanent Trustee of the Debtors' estates.

11.     Upon information and belief, prior to the Filing Date, the Debtor, at all times relevant, operated out of and maintained a business address at 444 Madison Avenue, New York, New York.

12.     Pre-petition, the Debtor operated approximately 70 vessels around the world.

13.     Upon information and belief, the Defendant is a foreign limited liability company and maintains a business address at 90 Fenchurch Street, London, EC3M 4 Street, United Kingdom.

14.     As the permanent Trustee of the Debtor's estate, the Plaintiff is authorized to commence this action pursuant to Bankruptcy Code §323 and Bankruptcy Rule 6009.

ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

15.     On or about May 6, 2009, the Debtor made a transfer of its property to the Defendant, by bank wire, in the sum of $95,326.

16.     On or about June 2, 2009, the Debtor made a transfer of its property to the Defendant, by bank wire, in the sum of $202,510 (collectively, the "Preferential Transfers").

17.     The Preferential Transfers were transfers of the Debtor's property because the wire was issued and/or drawn upon Debtor's funds from the Debtor's bank account.

18.     The Preferential Transfers are property of the estate.

19.     The Preferential Transfers were made to the Defendant for goods delivered and/or services rendered to the Debtor prior to the Filing Date.

20.     The Defendant was a creditor of the Debtor at the time of the Preferential Transfers within the meaning of Bankruptcy Code §101(10).

21.     At the time of the Preferential Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by the Debtor.

22.     A demand was made by the Trustee for the return of the Preferential Transfers.

23.     Despite the demand, the Defendant has failed to turn over the Preferential Transfers to the Trustees.

<u>FIRST CLAIM FOR RELIEF</u>
**(Incorporating All Previous Allegations 1 through 23)**

24.     The Preferential Transfers were made within ninety (90) days of the Filing Date.

25.     Upon information and belief, the Preferential Transfers were made to, or for the benefit of, the Defendant.

26.     The Preferential Transfers were made to, or for the benefit of, the Defendant because the Preferential Transfers reduced or satisfied a debt owed by the Debtor to the Defendant.

27.     Upon information and belief, the Preferential Transfers were made on account of an antecedent debt owed by the Debtor to the Defendant.

28.     The Preferential Transfers were made on account of antecedent debt owed by the Debtor to the Defendant based upon the business transactions and history between the Debtor and the Defendant, whereby (a) the Defendant would provide services to the Debtor, (b) the Defendant would deliver a bill or an invoice to the Debtor for such services, and (c) the Debtor was required to remit payment to the Defendant for such goods on a subsequent date.

29.     The Preferential Transfers were made while the Debtor was insolvent.

30.     The Debtor is entitled to a presumption of insolvency for the Preferential Transfers made pursuant to Bankruptcy Code §547(f).

31.     The Preferential Transfers enabled the Defendant to receive more than it would have otherwise received: (a) in the Debtor's chapter 7 bankruptcy case; (b) if the Preferential Transfers had not been made; and (c) if the Defendant received payment to the extent provided by the provisions of the Bankruptcy Code.

32. As evidenced by the claims in this case and the debt incurred to date, the liabilities of the Debtor's estate exceed $200,000,000.

33. Presently, the assets of the estate are approximately $9,000,000 and based upon the anticipated recovery of assets, including litigation recoveries, general unsecured creditors will not receive full payment of their claims in this bankruptcy case.

34. By reason of the foregoing, the Preferential Transfer is avoidable and recoverable by the Trustee under Bankruptcy Code §§547(b) & 550.

35. By reason of the foregoing, the Trustee is entitled to a judgment: (i) avoid the Preferential Transfer; or (ii) a money judgment in the sum of not less than $297,836, plus interest thereon, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
**(Incorporating Previous Allegations 1 through 35)**

36. The Preferential Transfer of the Debtor's property to or for the benefit of the Defendant is property of the estate.

37. By reason of the foregoing, Plaintiff, pursuant to Bankruptcy Code §§541 & 542 is entitled the entry of (a) an Order directing the Defendant to immediately turn over the Preferential Transfers of the Debtor's assets, in the sum of $297,836 plus interest thereon to the Trustee, attorneys' fees and costs, or (b) a money judgment against the Defendant and in favor of the Trustee in the sum of $297,836, plus interest thereon, attorneys' fees and costs.

**WHEREFORE,** Plaintiff demands judgment on his claims for relief against Defendant as follows:

1. On his first claim for relief against the Defendant, pursuant to Bankruptcy Code §§547 & 550 (a) a judgment avoiding the Preferential Transfers and delivering the funds to the Trustee or (b) a money judgment in the sum of $297,836, plus interest thereon, attorneys' fees and costs;

2. On his second claim for relief against the Defendant, pursuant to Bankruptcy Code §§541 & 542 (a) an Order directing the Defendant to immediately turn over the

Preferential Transfers of the Debtor's assets, in the sum of $297,836 plus interest thereon, attorneys' fees and costs to the Plaintiff or (b) a money judgment against the Defendant in the sum of $297,836, plus interest thereon, attorneys' fees and costs;

3.      Such other, further and different relief as this Court may deem just and proper.


Dated:  Wantagh, New York
            June 17, 2011

                                        **LaMonica Herbst & Maniscalco, LLP**
                                        Attorneys for the Plaintiff

                        By:      *s/ Gary F. Herbst*
                                        Gary F. Herbst, Esq.
                                        A Member of the Firm
                                        3305 Jerusalem Avenue, Suite 201
                                        Wantagh, New York 11793
                                        Ph. 516.826.6500